DLD-287                                                    **NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 19-1769
_____

JOSE MOLINA-BULNES,
a/k/a Arturo Mezo, a/k/a Ricardo Mendez,
Petitioner

v.

ATTORNEY GENERAL UNITED STATES OF AMERICA
_____

On Petition for Review of an Order of the
Board of Immigration Appeals
(Agency No. A094-300-586)
Immigration Judge:  Honorable Kuyomars Q. Golparvar
_____

Submitted on Respondent's Motion for Summary Action
Pursuant to Third Circuit L.A.R. 27.4 and I.O.P. 10.6
September 26, 2019
Before:  JORDAN, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: November 5, 2019)
_____

OPINION[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Jose Molina-Bulnes petitions for review of an order of the Board of Immigration Appeals (BIA), which dismissed his appeal from the decision of an Immigration Judge (IJ) denying relief. After Molina-Bulnes filed his opening brief in this Court, the Government filed a motion for summary disposition asking us to deny the petition. Because the petition presents no substantial question for review, we will grant the Government's motion and will deny the petition for review.

Molina-Bulnes, a native and citizen of Honduras, entered the United States illegally in November 1995 when he was 17 years old. In 2017, the Court of Common Pleas for Washington County, Pennsylvania, convicted Molina-Bulnes of his third DUI. The Department of Homeland Security (DHS) thereafter issued a notice to appear, charging him with removability under INA § 212(a)(6)(A)(i) for being present in the U.S. without being admitted or paroled. Represented by counsel throughout the proceedings before the IJ, Molina-Bulnes admitted the charge. On June 4, 2018, he submitted an application for asylum, withholding of removal, and protection under the Convention Against Torture (CAT), asserting that he is a member of a particular social group (PSG). At that time, the IJ set August 24 as the deadline for submitting additional evidence for consideration at the hearing scheduled for September 26. Molina-Bulnes subsequently (on August 23) sought to expand his asylum application to include a protected ground of imputed political opinion and simultaneously moved for more time to file exhibits in support of the added claim. The IJ granted Molina-Bulnes' motion in part and denied it in part, allowing documents that were late because of translation to be filed before September 10, but barring all documents that were late for other reasons as untimely and

2

without good cause. On the eve of the merits hearing (September 25), Molina-Bulnes filed a motion to continue because he still had not received the documents in a format that he could submit to the IJ. The IJ denied the motion for continuance.

After the hearing on September 26 at which only Molina-Bulnes testified, the IJ rejected the asylum application as untimely because Molina-Bulnes had filed it beyond the one-year deadline without excuse. The IJ also found that Molina-Bulnes was not credible, and that, even if deemed credible, he did not qualify for any other relief sought. On appeal, the BIA rejected Molina-Bulnes' arguments and dismissed the appeal. Molina-Bulnes timely petitioned for review pro se.

We have jurisdiction to review the petition under 8 U.S.C. § 1252(a). We apply a deferential standard to factual findings unless "a reasonable adjudicator would be compelled to arrive at a contrary result." Camara v. Att'y Gen., 580 F.3d 196, 201 (3d Cir. 2009) (quoting Yan Lan Wu v. Ashcroft, 393 F.3d 418, 421 (3d Cir. 2005)). We review questions of law, including the BIA's legal conclusions, de novo. See Huang v. Att'y Gen., 620 F.3d 372, 379 (3d Cir. 2010). Where the BIA has affirmed the IJ's denial of a continuance request, we will apply an abuse of discretion standard. See Ponce-Leiva v. Ashcroft, 331 F.3d 369, 377 (3d Cir. 2003).

Molina-Bulnes first contends that DHS issued a Notice to Appear containing defects similar to the notice rejected by the Supreme Court in Pereira v. Sessions, 138 S. Ct. 2105 (2018), and that the immigration courts lacked jurisdiction over the proceedings. It does not appear that Molina-Bulnes raised this issue before the BIA and the IJ. To the extent that he did not raise it to either, the claim is unexhausted and unreviewable. See 8

3

U.S.C. § 1252(d)(1); Lin v. Att'y Gen, 543 F.3d 114, 119-20 (3d Cir. 2008). In any event, it lacks merit. In Pereira, the Supreme Court held that a notice to appear that omits the time and place of a hearing does not qualify as a "notice to appear under section 1229(a)" for purposes of the cancellation-of-removal statute's stop-time rule. See 138 S. Ct. at 2113–14. We recently rejected the argument based on Pereira that "a notice to appear that fails to specify the time and place of an initial removal hearing deprives an immigration judge of jurisdiction over the removal proceedings." Nkomo v. Att'y Gen., 930 F.3d 129, 131 (3d Cir. 2019).

Molina-Bulnes next argues that the BIA improperly rejected his claim of past persecution. But the BIA disposed of the claim by focusing on the IJ's adverse credibility determination, which it concluded was adequately supported by the record. See BIA's Decision at 2. The Government asserts that Molina-Bulnes has waived any challenge to the adverse credibility determination for failing to clearly identify it in his brief. Construed liberally, however, see Higgs v. Att'y Gen., 655 F.3d 333, 339 (3d Cir. 2011), we recognize Molina-Bulnes' challenge to the credibility determination but find it meritless. An adverse credibility determination must be upheld if there is substantial evidence in the record to support it. See Xie v. Ashcroft, 359 F.3d 239, 246 (3d Cir. 2004). Both the BIA (Dec. at 2) and the IJ (Dec. at 5, 11-12), provided "specific, cogent reasons" for the finding and we accordingly conclude that the "totality of the circumstances" supports the agency's adverse credibility finding. See id. at 246-47 (citation omitted).

4

Finally, Molina-Bulnes' contention that he should have been permitted to continue his case to allow for the inclusion of translated documents lacks merit.  Ordinarily, an IJ may grant such a motion only "for good cause shown," but here, Molina-Bulnes failed to make that showing.  See 8 C.F.R. § 1003.29.  The IJ primarily relied on the timing of the request in finding a lack of good cause; he correctly noted that the case had been pending for months before the email traffic between Molina-Bulnes' counsel and his relatives about the documents occurred.  See IJ Dec. at 2-3.  The parties' deadline for filing evidence fell on August 24, and the IJ extended the deadline for some documents until September 10.  But the emails submitted to demonstrate counsel's efforts to obtain the documents were dated September 13, 14, and 25—after the extended submission date.  See In re L-A-B-R-, 27 I. & N. Dec. 405, 415-16 (AG 2018) (noting that good cause requires diligence).  Further, the IJ did not deny Molina-Bulnes the opportunity to reasonably present his case, seeing as he testified fully, had his evidence admitted to the record including his statement and Country Reports, and could have presented witnesses to support his case (the ones he identified were not available, not at the fault of the Agency).  See Khan v. Att'y Gen., 448 F.3d 226, 236 (3d Cir. 2006).  The Agency did not abuse its discretion under these circumstances.

For the above reasons, we grant the motion for summary disposition and will deny the petition for review.